KELLEY DRYE & WARREN LLP
  Catherine D. Lee (State Bar No. 258550)
10100 Santa Monica Boulevard
23rd Floor
Los Angeles, CA 90067-4008
Telephone:  (310) 712-6100
Facsimile:   (310) 712-6199
clee@kelleydrye.com

Attorneys for Defendant Kohl's Department
Stores, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL WATERS, and individual, and TONY VALENTI, an individual, on behalf of themselves and all others similarly situated, | Case No. |
| | **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S NOTICE OF REMOVAL** |
| Plaintiffs, | |
| v. | Action Filed:    February 15, 2017 |
| KOHL'S DEPARTMENT STORES, INC., a corporation; and DOES 1-100. | Trial Date: |
| Defendants. | |

LA01\LEECA\734949.2

DEFENDANT KOHL'S DEPARTMENT STORES. INC.'S NOTICE OF REMOVAL

## NOTICE OF REMOVAL

Defendant Kohl's Department Stores, Inc., ("Defendant"), pursuant to 28 U.S.C. § 1441(a), hereby removes the above-captioned action (the "Action") from the Superior Court of the County of Los Angeles ("Los Angeles Superior Court") to the United States District Court for the Central District of California, on the following grounds:

## I.    INTRODUCTION

1.      This Action was commenced on February 15, 2017, by the filing of a complaint (the "Complaint"), captioned as *Crystal Waters, et al. v. Kohl's Department Stores, Inc.*, Case No. BC650906, in Los Angeles Superior Court.  True and correct copies of the Complaint, the summons, and all process, pleadings, and orders served on Defendant are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2.      Defendant was served with the Summons and Complaint on February 23, 2017.  *See* Exhibit A.  Specifically, Plaintiff sent the Summons and Complaint to Corporate Creations Network, Inc., Agent for Service of process for Defendant via U.S. Mail on February 23, 2017.

3.      Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorneys of record in the Action, as well as to the Clerk of the Los Angeles Superior Court, as required by 28 U.S.C. § 1446(d).

4.      The Action properly may be removed to the United States District Court for the Central District of California  because this Court also has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

5.      No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions hereby are reserved.

## II.   NOTICE OF REMOVAL IS TIMELY

6.      In accordance with 28 U.S.C. § 1446(b), Defendant is filing this Notice of Removal within the 30-day removal period.  Here, Defendant was served with the Complaint and Summons on February 23, 2017.  *See* Exhibit A.  Because this Notice of Removal was filed within 30 days thereafter, the filing of this Notice of Removal is timely.

## III.   THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO CLASS ACTION FAIRNESS ACT ("CAFA")

7.      This Court also has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which *any* member of a class of plaintiffs is a citizen of a state different from *any* defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs.  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

### A.     Minimal Diversity Exists

8.      At the time the Complaint was filed, both Plaintiffs were residents of the City of Valencia in the County of Los Angeles, State of California.  Complaint ("Compl.") ¶¶ 6, 7.  At the time of filing this Notice of Removal, Plaintiffs remain residents of the City of Valencia in the County of Los Angeles, State of California.

9.      At the time the Complaint was filed, Defendant was incorporated in Delaware, with its principal place of business in Wisconsin. (Compl. ¶8) Declaration of Jessica Stemper ("Stemper Decl."), ¶ 3.  At the time of filing this Notice of Removal, Defendant remains a Delaware corporation with its principal place of business in Wisconsin.  Stemper Decl., ¶ 3.

### B.     There Are At Least 100 Members in Plaintiffs' Proposed Class

10.     This action has been styled as a class action. Compl. ¶¶ 29-37.

11.     CAFA requires the existence of at least 100 members in Plaintiff's proposed class. 28 U.S.C. § 1332(d)(5)(B).

12.     Plaintiffs seek to represent "[a]ll individuals residing in California who, since the four years prior to the filing to this action ("Class Period"), purchased one or more items from a Kohl's Department Stores [sic] or www.Kohls.com using, in part or in whole, Kohl's Cash in conjunction with a percent-off discount." (Compl. ¶ 29).

13.     Over the past four years, customers have redeemed more than $6.7 million of Kohl's Cash® at the Valencia, California store at which Plaintiffs claim to have shopped.  The Valencia store is one of more than 100 stores in the State of California, and customers have redeemed Kohl's Cash® at all of those stores. Stemper Decl. ¶ 4.

**C.     The Amount in Controversy Exceeds $5 Million**

14.     Plaintiffs' Complaint contends that the aggregate total amount in controversy does not exceed $5,000,000. (Compl. ¶ 9).  The Court need not credit such bare assertions, however, when the removing party can establish, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 981 (9th Cir. 2013). To do so, the removing defendant must "produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead[ed] in the Complaint." *Muniz v. Pilot Travel Ctrs. LLC,* No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (emphasis in original).

15.     Defendant denies Plaintiffs' claims of wrongdoing, but the allegations in Plaintiffs' Complaint and the total amount of compensatory damages, punitive damages, attorneys' fees, injunctive relief, restitution, and other monetary relief at issue in this action, on an aggregate, class-wide basis, exceeds CAFA's $5 million jurisdictional threshold.  *See Saulic v. Symantec Corp.,* No. SA CV 07-610 AHS

1  (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007) (considering facts

2  presented in notice of removal, including defendant's declaration, along with

3  plaintiff's allegations, in finding jurisdictional limits satisfied under CAFA).

4       16.    The purchases made at stores in the State of California in the past four

5  years from Kohl's, in person or online, using, in whole or part, Kohl's Cash® in

6  conjunction with percent-off discount, or where the consumer subsequently returned

7  the previously-purchased items, well exceeds $5,000,000. Stemper Decl. ¶ 5.

8       17.    Accordingly, this case meets all of CAFA's requirements for removal

9  and is timely and properly removed by the filing of this Notice.

10  ## V.    CONCLUSION

11       18.    WHEREFORE, having provided notice as required by law, the above-

12  entitled action should be removed from the Los Angeles Superior Court.

13

14  DATED:  March 24, 2017          KELLEY DRYE & WARREN LLP

15                             Catherine D. Lee

16

17                             By /s/ Catherine D. Lee

18                                Catherine D. Lee

19                           Attorneys for Defendant Kohl's Department
   Stores, Inc.

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On March 24, 2017, I served true copies of the following document(s) described as: **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

Robert L. Esensten, Esq.
Jordan S. Esensten, Esq.
ESENSTEN LAW
12100 Wilshire Boulevard, Suite 1660
Los Angeles, CA 90025
Telephone: (310) 273-3090
Fax: (310) 207-5969
Email: resensten@esenstenlaw.com
Email: jesensten@esenstenlaw.com

☒    **BY FEDEX**: I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or

☒    **BY E-MAIL (courtesy copy)**: I caused a courtesy copy of the document(s) to be sent from e-mail address mdeveney@kelleydrye.com to the persons at the e-mail addresses listed above.

X    **FEDERAL**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, at Los Angeles, California.

_____
Michele J. Deveney