# United States District Court
# Central District of California

| | |
|---|---|
| CRYSTAL WATERS and TONY VALENTI, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>KOHL'S DEPARTMENT STORES, INC.; and DOES 1–100, inclusive,<br><br>　　　　　　Defendants. | Case № 2:17-cv-02325-ODW (AFMx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [16] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [15]** |

## I.　INTRODUCTION

This is a putative class action lawsuit brought by Plaintiffs Crystal Waters and Tony Valenti against Defendant Kohl's Department Stores, Inc. Before the Court are Plaintiffs' Motion to Remand and Kohl's Motion to Dismiss. (ECF Nos. 15, 16.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion and **DENIES AS MOOT** Defendant's Motion.[1]

## II.　BACKGROUND

Kohl's is a national department store chain with 116 locations in California. (Compl. ¶ 12, ECF No. 1-1.) Kohl's offers its customers the option to participate in a

---

[1] After considering the papers submitted by the parties, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1 reward program called "Kohl's Cash." (*Id.* ¶ 15.) Under this program, customers
2 earn Kohl's Cash when they spend a certain amount of money at a Kohl's store. (*Id.*)
3 Kohl's Cash can be used to purchase products at Kohl's, and, according to Plaintiffs,
4 is advertised by Kohl's as equivalent to real currency when so used (i.e., $1 in Kohl's
5 Cash = $1 in U.S. currency). (*See id.* ¶¶ 17–18.) Plaintiffs allege that, despite this
6 advertising, Kohl's customers do not receive the full value of their Kohl's Cash when
7 used in conjunction with percent-off discounts, because Kohl's deducts a customer's
8 Kohl's Cash from the purchase price *prior* to applying the percent-off discount. (*Id.*
9 ¶ 18.)

For example, suppose a customer purchases a $100 toaster marked at a 20% discount. (*Id.* ¶ 20.) Suppose further that this customer has $60 in Kohl's Cash. (*Id.*) If the customer uses his Kohl's Cash for this purchase, Kohl's will first subtract the Kohl's Cash from the full, non-discounted price ($100 – $60 = $40), and will apply the 20% discount thereafter. (*Id.*) This results in the customer paying $32 out-of-pocket for the toaster (80% x $40 = $32). (*Id.*) Plaintiffs contend that Kohl's should apply the Kohl's Cash *after* the discount, which in this example would result in the customer paying only $20 out-of-pocket for the toaster ([$100 x 80% = $80] – $60 = $20). Plaintiffs characterize this $12 difference as "unredeemed Kohl's Cash,"[2] and have filed this lawsuit to recover any unredeemed Kohl's Cash owed to California residents who have made such purchases in the past four years.

In February 2017, Plaintiffs filed this action in the Los Angeles Superior Court. (ECF No. 1-1.) In March 2017, Kohl's removed the action to this Court and subsequently moved to dismiss the complaint. (ECF Nos. 1, 15.) Five days later, Plaintiffs moved to remand the case to state court. (ECF No. 16.) Each party opposed the other's Motion. (ECF Nos. 17, 19.) Those Motions are now before the Court for decision.

---

[2] Plaintiffs also refer to it as "Overpayment Charges" in their Complaint. (Compl. ¶ 21.) The Court will use the term "unredeemed Kohl's Cash" for ease of reference.

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Under the Class Action Fairness Act, federal courts have jurisdiction over a class action where the citizenship of at least one plaintiff class member is diverse from the citizenship of any defendant, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). Where, as here, the amount in controversy is not facially evident from the complaint and the plaintiff challenges federal jurisdiction, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* However, unlike with other bases of removal, there is no presumption against jurisdiction when the removal is based on CAFA. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

## IV. DISCUSSION

Plaintiffs contend that Kohl's has not established that the amount in controversy exceeds $5 million. In its Notice of Removal, Kohl's alleged that this requirement was satisfied because "[t]he purchases made at stores in the State of California in the past four years from Kohl's . . . using, in whole or part, Kohl's Cash® in conjunction with percent-off discount, or where the consumer subsequently returned the previously-purchased items, well exceeds $5,000,000." (Not. of Removal ¶ 16, ECF

No. 1.) Kohl's also submitted an employee declaration to this effect. (Stemper Decl. ¶ 5, ECF No. 3.) The declaration further stated that Kohl's customers "have redeemed more than $6.7 million of Kohl's Cash" at its store in Valencia, California, and that there are over 100 stores in California where customers have redeemed Kohl's Cash. (*Id.* ¶ 4.) In their Motion to Remand, Plaintiffs point out that they seek to recover only *unredeemed* Kohl's Cash, and thus Kohl's allegations and evidence concerning the amount of *redeemed* Kohl's Cash do not establish that the amount in controversy exceeds $5 million.

In its Opposition, Kohl's submits a supplemental declaration from the same employee. In that declaration, the employee attests that Kohl's "prefers not to disclose the exact amount of Kohl's Cash redeemed in California in conjunction with a second coupon entitling the customer to a percentage-off discount," but that Kohl's "ha[s] calculated that amount . . . [and] can assure the Court that consumers in California, over the past four years, have redeemed more than $25 million in Kohl's Cash while also using a percentage-off coupon." (Stemper Suppl. Decl. ¶ 7, ECF No. 19-1.) Kohl's then argues that because Plaintiffs "are seeking only 20% of the value of Kohl's Cash redeemed in California in conjunction with another coupon providing for a percentage off the item(s) purchased, that would mean they are seeking more than $5 million in damages." (*Id.* ¶ 9.)

The Court agrees with Plaintiffs that neither the original affidavit nor the supplemental affidavit that Kohl's submits establishes the amount in controversy. One cannot calculate the total amount of *un*redeemed Kohl's Cash simply by referencing the total amount of redeemed Kohl's Cash. For instance, in the toaster example above, the amount of redeemed Kohl's Cash was $60,[3] but the amount of unredeemed Kohl's Cash—which is what Plaintiffs seek to recover—is $12. One cannot determine solely from the $60 in redeemed Kohl's Cash that the unredeemed

---

[3] Plaintiffs would likely characterize the "redeemed" amount as only $48, because one should subtract the $12 in unredeemed Kohl's Cash. Either way, this does not change the principal that one cannot calculate the unredeemed cash from the redeemed cash alone.

amount is $12; rather, one requires the total price of the purchased product and the percentage-discount offered for that specific product. Kohl's has provided neither. Instead, Kohl's appears to assume that the unredeemed Kohl's Cash is always equivalent to 20% of the redeemed Kohl's Cash. While that happened to be the case in the toaster example that Plaintiffs provided, it is obviously extremely unlikely to be the case for every single purchase. Kohl's thus has not demonstrated that the amount in controversy exceeds $5 million.[4]

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss. (ECF Nos. 15, 16.) The Court **REMANDS** this case to the Los Angeles Superior Court, Case No. BC 650906. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 27, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[4] Kohl's argues that the Court should deny this Motion based on Plaintiffs' counsel's failure to timely meet and confer prior to moving to remand. *See* C.D. Cal. L.R. 7-3. While the Court may have done so if the Motion did not concern a jurisdictional issue, *see, e.g.*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012), Plaintiffs' failure to meet and confer cannot justify the Court adjudicating a case over which it lacks subject matter jurisdiction.